[No. 1543. Decided February 1, 1895.]

HENRY MRAS, *Respondent*, v. R. H. DUFF *et al.*, *Appellants*.

MECHANICS' LIENS — SUFFICIENCY OF NOTICE.

The fact that a notice of mechanic's lien, in stating the terms of the contract, refers to certain plans and specifications to be furnished by the claimant, without setting them out, does not necessarily render the notice defective, but the notice is sufficient, in the absence of proof to the contrary, when the statement of the terms and conditions of the contract, though given in brief, raises the presumption that the substance of such plans and specifications are as stated therein.

*Appeal from Superior Court, Whitman County.*

*James W. Reid,* for appellants.

*Chadwick & Fullerton,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The purported statement of facts was stricken from the record upon the hearing. Hence the only alleged error to which we can give attention is the one which attacks the sufficiency of the complaint. Such complaint was filed for the purpose of foreclosing a mechanic's lien, and it is claimed on the part of appellants that it did not state a cause of action, for the reason that the lien notice, a copy of which was therein set out, was insufficient. The only fault found with such lien notice is, that in stating the terms of the contract it referred to certain plans and specifications to be furnished by the claimant, which plans and specifications were not set out in the notice. If it clearly appeared from the statement of the terms of the contract that the plans and specifications were necessary to an understanding thereof, and they were

not attached to the notice of lien, nor their substance
stated therein, the sufficiency of such notice might well
be doubted. But such was not the fact; for while there is
a reference to the plans and specifications, there is also
a statement of their terms and conditions. Such state-
ment, though only by a brief description of such terms
and conditions, is sufficient in the absence of proof that
such brief description is not such as to enable the con-
tract to be fully understood. When the statement is
made that the plans and specifications are briefly de-
scribed as follows, and thereafter are given the terms
and conditions, it must be assumed, in the absence of
proof to the contrary, that the substance of such plans
and specifications is as therein stated. The notice of
lien was sufficient, and the complaint stated a cause of
action.

The judgment will be affirmed.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.